**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000172**
**29-JUN-2012**
**09:29 AM**

NO. CAAP-10-0000172

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ZACHARY FRED BAILEY,
Plaintiff-Appellee,

vs.

BURRELLE DAVID DUVAUCHELLE,
Trustee under Duvauchelle Family Trust u/d/t dated
August 14, 2008; BETTY J. DUVAUCHELLE, Trustee under
Living Trust of Burrelle Duvauchelle and Betty Duvauchelle
u/d/t dated 7/1/91,
Defendant-Appellant,

and

LAURENCE H. DORCY, JR.; JOHN DOES 1-10;
JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10;
DOE ASSOCIATES 1-10 AND DOE GOVERNMENTAL AGENCIES 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 06-1-0218(1))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise, and Reifurth, JJ.)

Defendant-Appellant Burrelle David Duvauchelle, Trustee under Duvauchelle Family Trust u/d/t dated August 14, 2008 (Defendant Burrelle David Duvauchelle), appeals from the Final Judgment in favor Plaintiff-Appellee Zachary Fred Bailey (Bailey) and against Defendant Burrelle David Duvauchelle and Betty J. Duvauchelle, Trustee under Living Trust of Burrelle Duvauchelle

and Betty Duvauchelle u/t/d dated 7/1/91 (Betty Duvauchelle) (collectively, the "Duvauchelles"), which was filed in the Circuit Court of the Second Circuit (Circuit Court)[1] on October 25, 2010.[2] The Final Judgment "fully and finally resolved the Second Claim for Relief (Declaratory Relief)" in the First Amended Complaint, filed on February 13, 2009.

The Duvauchelles and Bailey own adjoining properties on Moloka'i. This case involves a dispute over a portion of property referred to as the "flag pole portion" that both sides claim to own. The Circuit Court granted motions for partial summary judgment in favor of Bailey on his claims that: (1) he had record title to Parcel 27, which included the flag pole portion; and (2) the Duvauchelles had not acquired title to the flag pole portion by adverse possession. The Circuit Court entered judgment, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000), declaring that Bailey is the rightful owner of Parcel 27, including the flag pole portion, and that the Duvauchelles do not own or have any legal or equitable title to any portion of Parcel 27, including the flag pole portion, by deed or adverse possession.

On appeal, Defendant Burrelle David Duvauchelle contends that the Circuit Court erred in: (1) granting Bailey's motion for partial summary judgment regarding Bailey's claim of record title to the flag pole portion; (2) granting Bailey's motion for partial summary judgment regarding Bailey's claim that the Duvauchelles did not acquire title to the flag pole portion by adverse possession; (3) denying the Duvauchelles' motion to dismiss the complaint or in the alternative for leave to file an amended answer and counterclaim; and (4) ordering the Duvauchelles to pay Bailey's attorney's fees. We affirm.

---

[1] The Honorable Joel E. August presided.

[2] We note that Betty Duvauchelle did not file a notice of appeal. Thus, this appeal is limited to Defendant Burrelle David Duvauchelle's appeal from the October 25, 2010, Final Judgment.

I.

We resolve the issues raised by Defendant Burrelle David Duvauchelle on appeal as follows:

1.   The Circuit Court did not err in granting partial summary judgment in favor Bailey on his claim of record title to the flag pole portion.  To prevail on summary judgment, Bailey was not required to establish a perfect chain of title to the flag pole portion, but only that, as a matter of law, he had a substantial interest in the property and that his record title was superior to the record title claimed by the Duvauchelles.  See Maui Land & Pineapple Co. v. Infiesto, 76 Hawai'i 402, 407-08, 879 P.2d 507, 512-13 (1994).  The conveyance documents, among other things, showed that the deed by which Bailey acquired title to his property included the flag pole portion while the deed by which the Duvauchelles acquired title to their property did not.  The flag pole portion is in Grant 1154, Apana 1, which is referenced in the deeds in Bailey's chain of title, but is not referenced in the deeds in the Duvauchelles' chain of title.  We conclude that Bailey established that he had a substantial interest in the flag pole portion and that his record title to the flag pole portion was superior to the record title claimed by the Duvauchelles.

2.   The Circuit Court did not err in granting Bailey's motion for partial summary judgment regarding his claim that the Duvauchelles did not acquire title to the flag pole portion by adverse possession.  To establish title by adverse possession, the Duvauchelles were required to demonstrate "by clear and positive proof each element of actual, open, notorious, hostile, continuous, and exclusive possession for the statutory period" of the flag pole portion.  Morinoue v. Roy, 86 Hawai'i 76, 81, 947 P.2d 944, 949 (1997) (internal quotation marks, citation, and brackets omitted).

Both Parcel 27, owned by Bailey, and the parcel owned by the Duvauchelles were derived from property deeded to Annie Duvauchelle.  Annie Duvauchelle conveyed Parcel 27 to her

daughter and son-in-law, Mary Peterson and William Peterson, and Annie Duvauchelle and her husband Edward K. Duvauchelle conveyed the property owned by the Duvauchelles to Waldemar Duvauchelle. Mary Peterson is Waldemar Duvauchelle's step-sister, and the Duvauchelles are related to Mary Peterson. The Duvauchelles in the Circuit Court claimed that they acquired title to the flag pole portion through adverse possession against their relative Mary Peterson as well as her successors in interest.

The Duvauchelles' adverse possession claim was based on a stone wall on the outer edge of the flag pole portion; plants such as plumeria, hibiscus, kukui nut, and coconut trees that were planted on the flag pole portion; and their maintenance and use of the plants and yard within the flag pole portion. However, there was undisputed evidence that the stone wall was built and the plants were planted before Mary Peterson acquired Parcel 27 and before Parcel 27 had even been formed. The Duvauchelles also admitted that they were on friendly terms with Mary Peterson and were not aware of anyone telling Mary Peterson that the Duvauchelles were claiming ownership of the flag pole portion. In addition, Parcel 27 was an undeveloped lot that had not been occupied by its owners.

We conclude that the Duvauchelles failed to set forth a prima facie case that they were in "actual, open, notorious, hostile, continuous, and exclusive possession for the statutory period" of the flag pole portion. See Morinoue, 86 Hawaiʻi at 81, 947 P.2d at 949. Accordingly, the Circuit Court did not err granting summary judgment in favor of Bailey on his claim that the Duvauchelles had not acquired title by adverse possession.

3. The Circuit Court did not err in denying the Duvauchelles' motion to dismiss the complaint or in the alternative for leave to file an amended answer and counterclaim.[3] The motion to dismiss was based on the claim

---

[3] We note that the Circuit Court denied their motion without prejudice, and the Duvauchelles did not attempt to reassert their motion.

that Bailey should have filed a quiet title action and joined other parties. However, Defendant Burrelle David Duvauchelle cites no authority for the proposition that Bailey could not limit his action to claims against the Duvauchelles.

Defendant Burrelle David Duvauchelle argues that the Circuit Court should have permitted the Duvauchelles to amend their answer and file a counterclaim to assert a claim for adverse possession. However, the Circuit Court considered the Duvauchelles' claim of adverse possession on the merits. We conclude that any error in the Circuit Court's denial of leave to file an amended answer and counterclaim is rendered moot by our determination that the Circuit Court properly granted summary judgment in favor of Bailey with respect to the Duvauchelles' adverse possession claim.

4. Defendant Burrelle David Duvauchelle argues that the Circuit Court erred in ordering the Duvauchelles to pay Bailey's attorney's fees. In response, Bailey contends that the Circuit Court did not order the Duvauchelles to pay Bailey's attorney's fees. Defendant Burrelle David Duvauchelle does not cite, and we have not found in the record submitted on appeal, any written order awarding attorney's fees in favor of Bailey. Accordingly we are unable to review this claim.

II.

For the foregoing reasons, we affirm the Final Judgment of the Circuit Court that was filed on October 25, 2010.

DATED: Honolulu, Hawai'i, June 29, 2012.

On the briefs:

Burrelle David Duvauchelle
Defendant-Appellant Pro Se

Jade Lynne Ching
Shellie K. Park-Hoapili
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee

J. Stephen Street
for Defendant-Appellee
Laurence H. Dorcy, Jr.

*Craig H. Nakamura*
Chief Judge

*Alexa D. M. Fujise*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge

5